UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUDITH JEAN HOFFMAN,<br><br>                                 Debtor.<br><br>JUDITH JEAN HOFFMAN,<br><br>                              Appellant,<br><br>v.<br><br>LESLIE T. GLADSTONE, Trustee; ROBERT HOFFMAN; HOFFMAN PROPERTIES,<br><br>                              Appellees. | Case No.: 16-CV-451-BEN (KSC)<br><br>Bankruptcy No. 13-05478-MM7<br><br>**ORDER:**<br><br>**(1) GRANTING APPELLANT'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING APPEAL** |

      This case comes before the Court on appeal from the Bankruptcy Court for the Southern District of California.

      On February 18, 2016, Appellant Judith Jean Hoffman filed a Notice of Appeal, seeking review of a February 2016 "Order Allowing Payment of Taxes." (Docket No. 1.) She also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Docket No. 2.) For the reasons stated below, Appellant's Motion to Proceed IFP is **GRANTED,** and the Appeal is **DISMISSED**.

## I. Appellant's Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

It appears Appellant receives $1694 per month in social security benefits. (Mot. 2.) She has not been employed since 2007 and currently has under $10 to her name. (*Id.*) Accordingly, Appellant has sufficiently shown that she cannot afford to pay the filing fees. Her Motion to Proceed IFP is therefore **GRANTED**.

## II. IFP Screening

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP cases which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Pursuant to 28 U.S.C. § 158(a)(3), district courts have jurisdiction to hear bankruptcy appeals "with leave of the court, from other interlocutory orders and decrees." A properly filed appeal with leave of court must include a timely notice of appeal and a motion for leave to appeal, which states "the facts necessary to understand the question presented; the question itself; the relief sought; the reasons why leave to appeal should be granted; and a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004.

Where the appellant fails to file the requisite motion for leave to appeal, Rule

8004(d) provides that the district court may "treat the notice of appeal as a motion for leave and either grant or deny it." "In deciding whether to grant leave to appeal an interlocutory order under section 158(a)(3), courts look to the analogous provisions of 28 U.S.C. § 1292(b), which governs review by courts of appeals of interlocutory district court orders." *Hogan Lovells US LLP v. Howrey LLP*, 2014 WL 6602687, at *2 (N.D. Cal. Nov. 20, 2014) (citations omitted). Under section 1292(b), such an appeal is appropriate if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Appellant did not file a motion for leave to appeal, nor did she attach the order from which she appeals. In any event, the Court construes the notice of appeal as a motion for leave and denies the motion. In order to evaluate the motion for leave, the Court takes judicial notice of the Bankruptcy Court's February 21, 2016 "Order Granting Trustee's Notice of Intended Action for Approval to Pay the Internal Revenue Service and Franchise Tax Board," in bankruptcy case No. 13-05478, Docket No. 481. *See* Fed. R. Evid. 201(c)(1).

The Order at issue here authorizes the Trustee to pay the taxes incurred on the sale of the bankruptcy estate's property. The Order does not involve a controlling question of law. The instant appeal will not "materially advance the ultimate termination" of Ms. Hoffman's bankruptcy case. The Court therefore exercises its discretion and denies Appellant's motion for leave to appeal.

## CONCLUSION

Appellant's Motion to Proceed IFP is **GRANTED**. The appeal is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e) and Federal Rule of Bankruptcy 8004(d). The Clerk may close the case.

**IT IS SO ORDERED.**

DATED: March //, 2016

HON. ROGER T. BENITEZ
United States District Judge